# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 2986 | **DATE** | 8/31/2010 |
| **CASE TITLE** | Edwards vs. Lake Terrace Condominium Association Board of Directors | | |

**DOCKET ENTRY TEXT**

Plaintiff Manus A. Edwards' ("Edwards") renewed motion for leave to proceed *in forma pauperis* [26] is granted. Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), Counts I, II, III, and V of the amended complaint are dismissed. Plaintiff may proceed on Count IV of his complaint, alleging a violation of the Fair Housing Act. This case is set for further status on 9/14/2010 at 9:00 a.m., at which time the Court will inquire as to whether Defendant will accept service of the complaint and summons. If Defendant will not do so, the Court will appoint the United States Marshals Service to effectuate service.

■ [ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Before the Court is Plaintiff Manus Edwards' renewed motion for leave to proceed *in forma pauperis* [26]. In its order of May 25, 2010, this Court identified a number of ambiguities in Plaintiff's original motion to proceed *in forma pauperis* and accordingly denied the motion without prejudice [14]. Specifically, the Court could not evaluate Plaintiff's motion because (1) it was unclear whether he received his $1,957 pension on a monthly or annual basis, (2) Plaintiff had not indicated how much he contributes monthly to his dependents, and (3) Plaintiff had not indicated his co-Plaintiffs' ability to pay the statutory filing fee. In its July 20, 2010 order [23], this Court granted Plaintiff's motion for leave to file an amended complaint and directed Plaintiff to address the ambiguities identified in the May 25 order should Plaintiff wish to proceed *in forma pauperis*.

Plaintiff's latest submission has cured the ambiguities previously identified by this Court [18]. Furthermore, Plaintiff's amended complaint [25] no longer includes Kahlia R. Edwards and Linda S. Davis as co-plaintiffs, leaving Mr. Edwards as the sole Plaintiff. Based on the representations in Plaintiff's resubmitted application and financial affidavit that Plaintiff is not currently working, lacks substantial assets, receives income only from a pension, and supports a child and two grandchildren, the Court grants Plaintiff's application for leave to proceed *in forma pauperis* [26].

In considering a complaint filed along with a motion for leave to proceed *in forma pauperis*, the Court has been directed by Congress to dismiss cases under specified circumstances. "[T]he court *shall* dismiss the case * * * if the court determines that the action or appeal fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii) (emphasis added). In its order of May 25, 2010, the Court conducted a threshold review of the sufficiency of Plaintiff's complaint, dismissing it without prejudice for failing to state a claim upon which relief may be granted. This Court now performs the same review on Plaintiff's amended complaint.

## STATEMENT

For the reasons stated in this Court's order of May 25, 2010, Counts I, II, and III (Plaintiff's constitutional claims) continue to fail to state a claim upon which relief may be granted. Accordingly, those claims are dismissed.

In its order of July 20, 2010, the Court indicated that it appeared the Fair Housing Act claim (Count IV) in plaintiff's amended complaint would survive the threshold sufficiency review called for by 28 U.S.C. § 1915(e)(2) [23]. Upon further consideration, the Court finds that Count IV indeed survives this review; Plaintiff may proceed on this Count.

Count V of Plaintiff's amended complaint alleges that the Defendant Lake Terrace Condominium Association, Board of Directors discriminated against Plaintiff in violation of 42 U.S.C. § 1985(3), which prohibits conspiracies to deprive persons of federal rights or privileges. As Plaintiff pleads in his complaint, to sustain a claim under § 1985(3), four elements are required: "(1) a conspiracy; (2) a purpose of depriving any person of equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) injury to one's person or property or a deprivation of a right or privilege of a citizen of the United States." *Malone v. American Friends Service Committee*, 213 Fed. Appx. 490, 494-95 (7thCir. 2007). Although the Court has dismissed Plaintiff's constitutional claims (see above discussion) Plaintiff could base a § 1985(3) claim on a conspiracy to deprive him of rights guaranteed by the Fair Housing Act. See, *e.g. Moton v. Protine*, 2004 WL 609312, *4 (N.D. Ill. March 25, 2004); *Griffin v. Breckenridge*, 403 U.S. 88, 101-03 (1971) (Section 1985(3) was intended to extend to private conspiracies rather than to only public conspiracies involving state action).

In any event, Count V fails to survive the initial review under 28 U.S.C. § 1915(e)(2)(B)(ii) because Plaintiff has failed to allege the existence of a conspiracy between "two or more persons" as required by the statute. 42 U.S.C. § 1985(3). Instead, Plaintiff only alleges that the "Defendant THE ASSOCIATION" discriminated against Plaintiff. Cmplt. ¶ 30. Although Plaintiff's complaint states that the Defendant Association is comprised of eight executive members of the board, Cmplt. ¶ 8, the complaint does not allege that the individual members of the Association conspired among themselves to violate Plaintiff's rights. Instead, the complaint alleges that one entity–the Defendant Association–is liable under Section 1985(3). For this reason, Count V is dismissed.

This Court should note that even if the complaint could be read generously (as this Court must do for complaints prepared by *pro se* plaintiffs) to allege a conspiracy among the eight members of the Association's board, it is likely the claim still would fail. Under the Seventh Circuit's "intracorporate conspiracy doctrine" a conspiracy generally cannot exist solely between members of the same entity. See, *e.g. Payton v. Rush-Presbyterian-St. Luke's Medical Center*, 184 F.3d 623, 632-33 (7th Cir. 1999) ("managers of a corporation jointly pursuing its lawful business do not become 'conspirators' when acts within the scope of their employment are said to be discriminatory").

Accordingly, Plaintiff Edwards' motion for leave to proceed *in forma pauperis* [26] is granted. However, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), Counts I, II, III, and V of the amended complaint are dismissed.